**WO**                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Kendall Avanzi, | No. CV 10-1103-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Louis Kendall Avanzi, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #4). The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

In his three-count Complaint, Plaintiff sues the following Defendants: the State of Arizona; the Arizona Department of Corrections; Correctional Officers II Mendes, Lopez, and Noel; Correctional Officers III Monaghan and Dembickie; and Lieutenant Lee. In each count, Plaintiff alleges a violation of his Fourteenth Amendment due process rights regarding his property.

In Count One, he claims his personal property was lost because "Defendant (1)"[1] improperly handled and transported his personal property when he was relocated from one unit to another. He claims that the property was improperly inventoried and secured and that there was no routing or tracking paperwork.

In Count Two, Plaintiff contends that his personal property was lost, stolen, or destroyed because "Defendants (2) and (3)"[2] improperly handled and transported his personal property when he was relocated from one unit to another. He claims that the personal property was lost, stolen, or destroyed because it was improperly inventoried and secured and that there was no contraband seizure paperwork and no "supervisor's review to [e]nsure a proper inventory was conducted in the absence of [the] property owner."

In Count Three, Plaintiff asserts that an "[o]riginal copyrighted crossword puzzle of [his] design was snatched from [his] hand" by Defendant Noel, who gave it to Defendant Lee, and that neither Defendant Noel nor Defendant Lee initiated contraband seizure paperwork or gave Plaintiff a receipt for his puzzle. Plaintiff also claims that Defendant Lee gave either the original or a facsimile of the puzzle to Defendant Dembickie, who would not

---

[1] Although Defendant State of Arizona is listed on the caption as "Defendant (1)," it appears that Plaintiff is referring to the first individual defendant—Defendant Mendes.

[2] Although Defendants Arizona Department of Corrections and Mendes are listed on the caption as "Defendants (2) and (3)," it appears that Plaintiff is referring to the second and third individual defendants—Defendants Lopez and Monaghan.

- 3 -

1  return the puzzle to Plaintiff. Plaintiff asserts that the three Defendants claimed that Plaintiff's puzzle was "not recognized by the Department as personal property."

In his Request for Relief, Plaintiff injunctive relief, monetary damages, and reimbursement of his filing fees and court costs.

## IV. Failure to State a Claim

### A. Improper Defendants

The State of Arizona and Arizona Department of Corrections are not a proper Defendants. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendants State of Arizona and Arizona Department of Corrections.

### B. Failure to State a Claim

The Fourteenth Amendment "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original). Moreover, even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has an adequate post-deprivation remedy. See Howland v. State, 818 P.2d 1169, 1172-73 (Ariz. App. 1991) (the prisoner failed to state a due process claim where Arizona law provided an available state tort remedy to recover the value of his property). Thus, Plaintiff has failed to state a claim in Count One, Two, or Three. The Court will dismiss Plaintiff's Complaint.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #4) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 23rd day of May, 2010.

_____
Robert C. Broomfield
Senior United States District Judge